UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CR-294 (CEJ) ) |
| MICHAEL L. ROBINSON, | ) ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial motions in this case to United States Magistrate Judge Thomas C. Mummert, III for determination and recommended disposition, where appropriate. On March 15, 2006, Judge Mummert issued an Order and Report and Recommendation with respect to the pretrial motions filed by defendant Michael L. Robinson.[1] The defendant has now filed objections to the findings and recommendations of the magistrate judge. The United States has filed a response to the objections. Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to make a *de novo* determination of the portions of the Report and Recommendation to which the defendant objects.

**1. Motion to Disclose Confidential Informants or Confidential Sources**

---

[1]The March 15, 2006, Order and Report and Recommendation incorporated the findings of fact and conclusions of law set forth in the November 4, 2005, Order and Report and Recommendation in which Judge Mummert addressed motions to suppress electronic surveillance evidence filed by co-defendants Ramon Montes-Castillo, Martin Obregon-Rodallegos and Manuel Montes-Castillo.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Robinson objects to the denial of his motion for disclosure of the identities of the confidential informants utilized by law enforcement officers during their investigation of this case. Here, the confidential informants provided information about the presence of marijuana and a methamphetamine lab inside Robinson's home, information that the police used to obtain a search warrant. However, no informant was present at the residence when the search warrant was executed and, therefore, no informant witnessed the seizure of evidence from the defendant's home. The government is not required to disclosed the identity of a confidential informant who is a mere "tipster," i.e, who conveys information, but is neither a participant in nor a witness to the offense. United States v. Gonzalez-Rodriquez, 239 F.3d 948, 951 (8th Cir. 2001). To override the government's privilege to withhold an informant's identity, the defendant "must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). Robinson has not met his burden in this case. Therefore, the motion to disclose will be denied.

**2. Motion for Severance/Bifurcation**

Robinson moved for a trial separate from that of his co-defendants and for a separate trial of the felon-in-possession charge (Count IV). Robinson and his co-defendants are jointly charged in Count I of the indictment with conspiracy to distribute and to possess with intent to distribute marijuana, cocaine and

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

methamphetamine; in Count II, two of Robinson's co-defendants are charged with possession with intent to distribute cocaine; and in Count III, Robinson alone is charged with possession of a firearm in furtherance of the drug trafficking offense charged in Count I. The same firearm is the subject of Counts III and IV.

Robinson objects to the recommended denial of his motion for severance. However, he has pointed to no factual or legal error in the magistrate judge's evaluation of the motion. Additionally, Robinson advances no arguments in support of his motion that were not considered and addressed by the magistrate judge. Robinson's unsubstantiated claims of prejudice resulting from a joint trial do not support severance.

With respect to the motion for bifurcation, Robinson has again failed to demonstrate prejudice resulting from joinder of the felon-in-possession charge. The government and Robinson may enter into an "Old Chief" stipulation, which would merely state that the defendant was convicted of a felony offense prior to the date of the offense alleged in Count IV without disclosing the nature of the prior conviction. Old Chief v. United States, 519 U.S. 172, 178-179 (1997). See United States v. Brown, 70 F.3d 979, 980 (8th Cir. 1995) (defendant not prejudiced by trial court's refusal to sever felon-in-possession charge from charges of bank robbery and using firearm during crime of violence when government stipulated to defendant's prior convictions without disclosing nature of the convictions). Such a stipulation would reduce the potential for any possible

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prejudice. See <u>United States v. Felici</u>, 54 F.3d 504, 506 (8th Cir.), <u>cert. denied</u>, 516 U.S. 897 (1995). Even if Robinson's prior conviction were disclosed, the Court would instruct the jury that it could only consider this evidence in determining the charge in Count IV. <u>See</u> <u>United States v. Rogers</u>, 150 F.3d 851, 857 (8th Cir. 1998); <u>United States v. Caldwell</u>, 97 F.3d 1063, 1068 (8th Cir. 1996). No information has been presented to suggest that the jury would be unable to follow such an instruction. Accordingly, the motion for severance/bifurcation will be denied.

**3. Motion to Suppress Contents of Electronic Surveillance**

Robinson objects to the recommendation that his motion to suppress electronic surveillance evidence be denied. In support of his objections, Robinson points to discrepancies between the wiretap affidavits of Special Agent Brett Johnson and his testimony during the evidentiary hearing concerning an individual named Michael Gabriel. According to the defendant, the discrepancies reflect the mistakes made by Agent Johnson and others involved in the investigation as to Mr. Gabriel's identity and his involvement in the alleged conspiracy. The defendant asserts that these mistakes cast doubt on the factual correctness of the wiretap affidavits in other respects. The Court finds that, notwithstanding the alleged discrepancies, the information set forth in the affidavits established probable cause for the issuance of the wiretap orders. See <u>United States v. Fairchild</u>, 769, 775 (8th Cir. 1999). The facts set forth in the affidavits have not been shown to be false, and the

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

information regarding Mr. Gabriel neither adds to nor detracts from the existence of probable cause.  Additionally, Robinson does not contend that Agent Johnson knowingly made false statements in his affidavits or that he sought to mislead the reviewing judge.  Accordingly, the motion to suppress electronic surveillance evidence will be denied.

**4. Motions to Suppress Physical Evidence**

Robinson objects to the recommended denial of his motions to suppress physical evidence.  He contends that the application and affidavit submitted for a search warrant issued on May 19, 2005, was deficient in that it omitted any mention of an "attempted consent search" which Robinson claims occurred on May 18, 2005.  The magistrate judge found that there was no evidence that the law enforcement officers who went to Robinson's home on May 18 acquired any information or used any information from that visit in applying for the May 19 search warrant.  Robinson has not presented anything beyond his subjective belief that would contradict this finding.  Robinson does not point to any specific error in the magistrate judge's factual findings or in his application of the law to the facts.  Thus, his objections are insufficient to trigger *de novo* review by the Court.

**5. Motions to Suppress Confessions, Statements and Admissions**

Robinson does not dispute the factual findings made by the magistrate judge, nor does he challenge the judge's application of the law to the facts.  Instead, Robinson's objection to the

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

recommended denial of his motions to suppress statements is no more than an expression of his disagreement with the magistrate judge's conclusions. Again, Robinson has not pointed to any legal error in the magistrate judge's factual and legal determinations such that de *novo* review is mandated.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Order and Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III, is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant Michael L. Robinson for severance/bifurcation [Doc. #219], to suppress contents of electronic surveillance [Doc. #123], to suppress physical evidence [Doc. #121 and #221], and to suppress confessions, statements and admissions [Doc. #122 and #223] are **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2006.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com