UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CR-00294-JAR-8 |
| MICHAEL L. ROBINSON, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Michael L. Robinson's pro motion for compassionate release (Doc. No. 507) as supplemented (Doc. No. 511). On August 28, 2020, the Federal Public Defender filed a notice of intent not to file a supplemental motion on Defendant's behalf. (Doc. No. 509). For the following reasons, Defendant's motion will be denied.

**Background**

On October 10, 2006, Defendant pled guilty to one count of a five-count indictment charging conspiracy to distribute and possession with intent to distribute marijuana, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846, and Section 851(a)(1). Defendant was sentenced on April 20, 2007, to a term of imprisonment of 292 months, followed by ten years of supervised release. Defendant is currently confined at FCI Berlin in Berlin, New Hampshire,[1] with a projected release date of April 8, 2026. He is 48 years old.

On August 6, 2020, Defendant filed the instant motion for compassionate release, on the following grounds: (1) his health conditions, specifically asthma and a history of smoking, put

---

[1] In his supplemental motion filed on September 22, 2020, Defendant notified the Court that he was being transferred from FCI Greenville to FCI Berlin. According to the Federal Bureau of Prison Inmate Locator, Defendant is currently confined at FCI Berlin. See https://www.bop.gov/inmateloc/ (last visited Jan. 21, 2021).

him at high risk of complications should he contract COVID-19; (2) to avoid sentencing disparity; and (3) the Court erred in applying the enhancement for federal drug trafficking offenders with a prior felony drug conviction (21 U.S.C. § 851) in his case.

**First Step Act**

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons could move for compassionate release. Now, a defendant may bring his own motion if he has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Here, Defendant filed a request for compassionate release with the Warden of FCI Greenville on June 6, 2020.[2] (Doc. No. 507 at 3). More than thirty days has passed since the request was made. Thus, Defendant has exhausted his administrative remedies. United States v. Matthews, No. 4:13CR323 CDP, ECF No. 782 at 4 (E.D. Mo. June 8, 2020).

Aside from allowing defendants to bring their motions directly, the First Step Act did not change the standards for compassionate release. Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including ... a list of specific examples." 28 U.S.C. § 994(t). The Application Notes to U.S.S.G. § 1B1.13 identify "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant, provided that it "substantially

---

[2] Defendant's wife also filed a request for compassionate release on his behalf on July 15, 2020. (Doc. No. 507 at 4-5).

diminishes the ability of defendant to provide self-care within the environment of a correctional facility…;" (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1.[3]

The next requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. Id. (incorporating the 18 U.S.C. § 3142(g) factors).

The last requirement for compassionate release focuses on the § 3553(a) factors. Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an

---

[3] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. See United States v. Walker, No. 11-cr-381 (SRN/HB) (D. Minn. June 26, 2020); United States v. Kienstra, No. 4:14-cr-250 CDP (E.D. Mo. May 5, 2020).

extraordinary and compelling reason." 28 U.S.C § 994(t). Moreover, "a compassionate release ... is an extraordinary and rare event." White, 378 F. Supp.3d at 787.

### Discussion

As a threshold matter, neither of Defendant's arguments regarding sentencing disparity or the application of the section 851 enhancements are relevant to the question of whether compassionate release is warranted in this case. The First Step Act is not the proper mechanism for a defendant to raise legal challenges to his case or collaterally attack his conviction.

### Extraordinary and compelling reasons

As explained above, the Sentencing Commission's guidance provides that an inmate's medical condition alone can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release. Although the Court does not intend to minimize the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). See, e.g., United States v. Fry, No. 11-CR-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing United States v. Hamilton, No. 19-CR-54, 2020 WL 1323036, at *2 (E.D. N.Y. Mar. 20, 2020)). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at this prison facility." United States v. Feiling, No. 3:19CR112 (DJN), 2020 WL 1821457, at *7 (E.D. VA. Apr. 10, 2020) (collecting cases). Against these standards, the Court finds Defendant does not present extraordinary and compelling reasons warranting release.

Defendant has not demonstrated that he currently suffers from a serious medical condition that increases his susceptibility to COVID-19 or that "substantially diminishes his ability … to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Further, at the time of sentencing, Defendant reported no health concerns or medical conditions. (Presentence Investigation Report (PSR) at ¶ 93). Further, Defendant is under the age of 65 and has not served at least 75 percent of his term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1(B).

In addition, Defendant has not shown that the safeguards in place at FCI Berlin to control the spread of COVID-19 are inadequate or that the facility is specifically unable to adequately treat him should he contract the virus while incarcerated.[4] Courts have consistently found that "[t]he mere presence of the virus … does not automatically translate to the release of [a defendant]." See United States v. Veras, No. 3:19-CR-010, 2020 WL 1675975, at *5 (M.D. Pa. Apr. 6, 2020) (collecting cases). The Court recognizes that Defendant, like all prisoners, is at risk of contracting COVID-19 while in prison; however, he has not shown any extraordinary and compelling reasons that would justify early release.

**General § 3553 sentencing factors and danger to the community**

As explained above, under § 3582(c)(1)(A), the Court must also give due "consider[ation to] the factors set forth in section 3553(a) to the extent they are applicable." In fashioning the appropriate sentence, the Court weighed these factors when it sentenced Defendant in 2007, including the serious nature of the offense, which involved Defendant's participation in a conspiracy with seven other individuals to distribute and possess with intent to distribute in excess of 1,000 kilograms of marijuana, a Schedule I controlled substance, in excess of five

---

[4] See Fed. Bureau of Prisons, Federal Bureau of Prisons COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (Mar. 13, 2020).

kilograms of cocaine, a Schedule II controlled substance, and in excess of 500 grams of methamphetamine, a Schedule II controlled substance. The Court also considered Defendant's significant criminal history, which included drug related convictions in federal and state courts, and his career offender status. (PSR at ¶¶ 36, 41, 50, 67). In addition, Defendant was on probation at the time the instant offense was committed. (Id. at ¶ 84). A sentence must reflect the seriousness of the conduct charged and afford adequate deterrence to said criminal conduct. Releasing Defendant at this point would be a contravention of the § 3553(a) factors.

The Court acknowledges and commends Defendant's post-conviction rehabilitation efforts; however, they do not ensure the safety of the community or constitute extraordinary or compelling circumstances which would warrant this Court entertaining a sentence modification here. "Rehabilitation of the defendant alone" is not sufficient. 28 U.S.C. § 994(t).

Considering the nature and circumstances of the offense and the history and characteristics of Defendant, the Court continues to find that a sentence of 292 months is just and fair under the totality of the circumstances. Even if Defendant was eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. See United States v. Birdine, 962 F.3d 1032, 1034 (8th Cir. 2020).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release [507] as supplemented [511] is **DENIED**.

Dated this 21st day of January, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**